IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                              No. 4:06cv001628 SWW

GEORGE NICHOLAS WILSON AND
MARY S. WILSON                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The United States brings this action under 26 U.S.C. § 7405 seeking to recover a 2003 federal income tax refund in the amount of $128,676 which it claims was erroneously paid to defendants George Nicholas Wilson ("Wilson") and Mary S. Wilson ("Susan Wilson"). The matter is before the Court on motion of the United States for summary judgment (docket no. 11). The Wilsons have responded in opposition to the United States' motion and the United States has filed a reply to the Wilsons' response. For the Reasons that follow, the Court finds that the United States' motion for summary judgment should be and hereby is granted.

## Background

On March 2, 2000, Wilson pleaded guilty to one count of Racketeer Influenced and Corrupt Organizations Act ("RICO") violations. *United States v. Wilson*, No. 4:99CR61-01GH. The racketeering acts which formed the basis of the RICO count included Wilson's receipt of illegal kickbacks and other funds by defrauding state and federal government programs from 1993 to 1998 while Wilson was an Arkansas state senator. As part of his sentence, Wilson was ordered to pay $1,763,340.82 in restitution to the Arkansas Office of Child Support Enforcement, the Administration for Children and Families (an agency of the United States Department of Health and Human Services), and the Arkansas

-1-

School Board Association.

On their joint 2003 federal income tax return, the Wilsons reported an "other" tax payment of $131,729, citing Internal Revenue Code § 1341 (26 U.S.C. § 1341). Applying the "other" tax payment of $131,729 to their tax liability for the year 2003, the Wilsons claimed a $128,676 refund. Based on this, they filed a Form 1045, Application for Tentative Refund, requesting a $128,676 refund. In an attachment to their Form 1045, the Wilsons claimed that in 2003, pursuant to his criminal sentence, Wilson paid $373,089 in court-ordered restitution and that the Wilsons had included the same amount in gross income on their 1994 and 1995 returns. Specifically, the Wilsons state that they had received and reported as income on their 1994 federal income tax return Form 1040, $187,382, and that they received and reported as income on their 1995 federal income tax return Form 1040, $185,707. The Wilsons contend that the income reported on 1994 and 1994 was received by Wilson in the ordinary course of business.

The Wilsons contend that had they excluded the $373,089 from their 1994 and 1995 gross income, their tax for those years would have been decreased by a total of $131,729, and that they therefore were entitled under 26 U.S.C. § 1341 to reduce their 2003 tax liability for the $131,729, resulting in a refund of $128,676.

The Internal Revenue Service ("IRS") issued the Wilsons a check for $128,676, which they deposited on November 22, 2004. The United States subsequently filed this action for recovery of erroneous refund on November 21, 2006.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As a prerequisite to summary

judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of its pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)).

## Discussion

Under 26 U.S.C. § 7405(b) the United States has the authority to bring a civil action to recover "erroneous refunds." The United States must show that the money was erroneously paid and that suit was brought within the two year statute of limitations. *United States v. MacPhail*, 149 Fed.Appx. 449, 453 (6th Cir. 2005).[1]

1.

As previously noted, the Wilsons base their refund claim on 26 U.S.C. § 1341, which provides:

a) General rule.--If--

> (1) an item was included in gross income for a prior taxable year (or years) because it appeared that the taxpayer had an unrestricted right to such item;
> (2) a deduction is allowable for the taxable year because it was established after the close of such prior taxable year (or years) that the taxpayer did not have an unrestricted right to such item or to a portion of such item; and
> (3) the amount of such deduction exceeds $3,000,

then the tax imposed by this chapter for the taxable year shall be the lesser of the

---

[1]The Wilsons concede that the United States filed this action within the two year statute of limitations. *See* docket no. 22, p. 7.

following:

> (4) the tax for the taxable year computed with such deduction; or
> (5) an amount equal to--
>> (A) the tax for the taxable year computed without such deduction, minus
>> (B) the decrease in tax under this chapter (or the corresponding provisions of prior revenue laws) for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

Congress enacted § 1341 "to address a particular situation arising under the 'claim of right' doctrine." *Culley v. United States*, 222 F. 3d 1331, 1333 (Fed.Cir. 2000). The "claim of right doctrine" originating in *North American Oil Consolidated v. Burnet*, 286 U.S. 417 (1932), provides that "[i]f a taxpayer receives earnings under a claim of right and without restriction as to its disposition," the taxpayer must report the income on his tax return in the year he receives such income. *Id.* at 424. *See Cooper v. United States*, 362 F.Supp. 2d 649, 654 (W.D.N.C. 2005). Prior to the enactment of § 1341, a taxpayer who later refunds or becomes obligated to refund the amount was entitled to a deduction in the year of repayment. *Id.* "Congress enacted I.R.C. § 1341 to alleviate the possible inequities when a taxpayer reports income in the year he receives money, but incurs a loss in a later year when he is adjudged liable to repay that money to another. " *Culley*, 222 F. 3d at 1334. Thus, § 1341 allows taxpayers to recompute their taxes for the year of receipt if they choose to do so. *Dominion Resources, Inc. v. United States*, 219 F.3d 359, 363 (4th Cir. 2000) (internal quotation marks and citation omitted). "In sum, § 1341 is designed to put the taxpayer in essentially the same position he would have been in had he never received the returned income." *Id.*

"A taxpayer qualifies for favorable treatment under § 1341 if (1) an item was included in the taxpayer's gross income in a prior year, (2) it appeared that the taxpayer had an unrestricted right to the item in the prior year, and (3) the taxpayer is entitled to a deduction (in excess of $3,000) under another section of the Internal Revenue Code for the loss resulting from the payment of the item to another in the current tax year." *Culley,*

222 F. 3d at 1334-35. *See also Griffiths v. United States*, 54 Fed.Cl. 198, 202 (2002) (in order for plaintiff to invoke the claim of right doctrine and qualify for a deduction under § 1341, he or she bears the burden of proving that an item was included in his or her gross income for prior tax years because of an apparent unrestricted right to such item; once an apparent claim of right is established, plaintiff must show that in a later tax year, he or she no longer had an unrestricted right to that item and the amount of deduction under some other provision of code exceeds $3,000).

The United States argues that the Wilsons are not entitled to the $126,676 refund the IRS issued them because it never appeared that the Wilsons had an unrestricted right to the $373,089.  The Wilsons, however, claim that at the time they filed their 1994 and 1995 federal income tax returns,  they believed that they had an unrestricted right to the income reported in that the income, according to them, was received "in the ordinary course of business, properly recorded, properly reported as income, related to written contracts of public record, and without any evidence of concealment, false statement, or fraud."  They argue that only in the subsequent criminal court proceedings was there a determination that part of the income received in 1994 and 1995 and reported in those tax returns was to be restored pursuant to the restitution order.

This Court finds that the Wilsons' reliance on § 1341  must fail in light of Wilson's guilty plea on March 2, 2000, to the RICO violations in Count I of the Superseding Indictment. In pleading guilty, Wilson admitted to knowingly defrauding various state and federal agencies beginning in 1993 and he agreed, in his plea agreement, that the fraud schemes set forth in the racketeering acts were to be combined for sentencing purposes. Wilson further agreed to pay restitution to the governmental agencies he defrauded and his obligation to repay past income as restitution for his criminal acts required in this case that the corresponding income had been earned from the criminal acts.  It is clear, then, that the monies received were a result of criminal activity and Wilson cannot establish that

he believed that he had an unrestricted right to the income listed in 1994 and 1995.  *See Culley*, 222 F.3d at 1335-56 ("When a taxpayer knowingly obtains funds as the result of fraudulent action, it simply cannot appear from the facts known to him at the time that he has a legitimate, unrestricted claim to the money," and "[w]hen committing an intentional wrong, a taxpayer must be prepared for the eventuality of being discovered and being held liable for repayment in the form of restitution, disgorgement, civil or criminal penalties, or the like"); *Kraft v. United States*, 991 F.2d 292, 299 (6th Cir. 1993) (section 1341 does not apply to a taxpayer who has embezzled or otherwise knowingly misappropriated funds which he is later required to return because the taxpayer never had an unrestricted right to the money so obtained).  Accordingly, the Wilsons are not entitled to the benefit of § 1341.[2]

2.

Susan Wilson additionally claims that she is entitled to the refund as she was not involved in any of the allegations of criminal activity and she was not ordered to pay restitution.  She also claims that she should be allowed innocent spouse relief under 26 U.S.C. § 6015(f) (taking into account all facts and circumstances, Secretary may relieve taxpayer of liability if it is inequitable to hold individual liable for unpaid tax or any deficiency, and relief is not available under subsection (b) or (c)).

That Susan Wilson was not aware of the criminal activity is not relevant.  Both Wilsons requested and received the tax refund; therefore she is liable to repay the refund if the United States establishes that the refund was erroneous (which it has).

---

[2] Having found that the Wilsons cannot establish that they had an unrestricted right to the income claimed in 1994 and 1995, the Court need not consider whether the Wilsons are entitled to a deduction in excess of $3,000 under another section of the Internal Revenue Code for the loss resulting from the payment of the item to another in the current tax year.  *See Culley*, 222 F.3d at 1335, 1337; *Griffiths*, 54 Fed.Cl. at 202.

Nor is innocent-spouse relief under § 6015(f) applicable as it applies to the situation where the taxpayer seeks relief from an "unpaid tax or any deficiency (or any portion of either)." Here, the United States does not seek to collect or reduce to judgment any unpaid tax or deficiency. Rather, it seeks a judgment to recover its payment of an erroneous refund in 2003 that was paid to both the Wilsons.

### Conclusion

In sum, the Court finds that the United States has established that the tax was erroneously refunded and that the Wilsons have failed to establish that they are entitled to the benefit of 26 U.S.C. § 1341 (or any other provision of the Internal Revenue Code). The United States' motion for summary judgment (docket no. 11) therefore is granted. Judgment will be entered in favor of the United States and against the Wilsons in the amount of $128,676 plus statutory interest from November 22, 2004 at the rate established by 26 U.S.C. § 6621. *See* 26 U.S.C. § 6602 ("Any portion of an internal revenue tax . . . which has been erroneously refunded, and which is recoverable by suit pursuant to section 7405, shall bear interest at the underpayment rate established under section 6621 from the date of the payment of the refund."); *United States v. Mallah*, 882 F. Supp. 779, 781 (S. D. Ind. 1995) (interest shall run from the date the taxpayer receiving the erroneous refund had use of the money, or generally when the check was cashed ).[3]

IT IS SO ORDERED this 26th day of November 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] The Wilsons' motion for extension of time (docket no. 18) is denied as moot.